## CHARLESTON.

State Road Commission of West Virginia *v.* L. V. Thomas

(No. 5877)

Submitted April 20, 1927.     Decided May 17, 1927.

Eminent Domain—*In Ascertaining Value of Land Taken in Con-
demnation Proceedings by State Road Commission for Road
Purposes, With Damages to Residue Thereof Less Any
Special or Particular Benefits, Damages Sustained by
Owner on Account of Discontinuance of a Portion of Old
Road Fronting Property, by Relocation Thereof Upon Por-
tion of Same Tract, May Not be Included.*

In ascertaining the value of land taken in condemnation
proceedings by the State Road Commission for road purposes,
with damages to the residue thereof less any special or par-
ticular benefits, damages sustained by the owner on account
of discontinuance of a portion of an old road fronting the
property, by a relocation thereof upon a portion of the same
tract, may not be included.

Error to Circuit Court, Kanawha County.

Action by State Road Commission against L. V. Thomas.
Verdict for defendant, plaintiff brings error.

*Affirmed.*

*Howard B. Lee,* Attorney General and *E. S. Bock,* for
defendant in error.

*Alexander Falconer,* and *England & Ritchie,* for plaintiff
in error.

Litz, Judge:

The State Road Commission instituted this proceeding to
ascertain the damages to the land owned from its appropria-
tion of several parcels of land, belonging to various owners,
in the alteration of a State highway, extending through Ka-
nawha county, known as the Midland Trail. The parcel taken,
belonging to the defendant, L. V. Thomas, contains .013 acre.
The commissioners appointed to assess the damages fixed
the amount at $35.72, as of February 28, 1922, the date of

entry by the Road Commission, with interest in the sum of $6.45. Thomas excepted to this award, and thereafter the issue was submitted to a jury, who found, in response to special interrogatories propounded by his attorneys: (1) that $40.00 was the fair market value of the right-of-way taken by the State Road Commission over the land of the defendant, Thomas; (2) that the construction of the State road upon the right-of-way so taken did not result in any damage to the residue of the tract; and (3) that the special or peculiar benefits accruing to the residue of the tract amounted to $700.00. There was also a general verdict of $40.00 in favor of defendant Thomas for the land taken and damages to the residue of the tract beyond the peculiar benefits accruing from the construction of the road. To the judgment, entered upon the verdict, the defendant Thomas obtained this writ of error.

Prior to the alteration of the road Thomas had constructed a storeroom, residence and certain outbuildings on his tract of land, from which the new right-of-way is taken, fronting the road as originally located. There is little contention that the land actually taken for the new right-of-way is of greater value than the amount fixed by the jury, or that any damage will directly result to the residue of the tract from the construction and maintenance of the road as altered. The land owner asserts a claim for substantial damages because, as he contends, it became necessary, in order to retain the benefits of his store business on the public road, to face the store building on the new road, at an expense of from $2,000.00 to $3,000.00. In other words, the discontinuance of the old road forms the real basis of the claim for damages asserted by the defendant Thomas.

Section 14 of Chapter 42, Code, provides that in determining the damages to land owners for the appropriation of private property to public use, the commissioners shall ascertain what will be a just compensation for so much of each tract as is proposed to be taken and damage to the residue thereof, beyond the peculiar benefits to be derived, in respect to such residue, "from the work to be constructed or the purpose to which the land to be taken is to be appropriated".

We do not think that the damage, if any, resulting to Thomas by reason of the discontinuance of the road as originally located can be considered, under the statute, in this proceeding. *Wilson* v. *Greenville County,* (S. C.), 96 S. E. 301, sustains this view. The facts as stated in the opinion of that case follow:

> "This is a proceeding to ascertain the compensation to be made for a right-of-way for a public highway through resident's lands. The old Buncombe road ran through his tract, which lies near his residence, store, and outbuildings. The county authorities decided to improve the highway, and found it necessary to relocate it, to get a satisfactory grade up the mountains. The new road diverges from the old about half a mile south of his residence, and runs through his tract for the distance of three miles before it enters the old road again, leaving his residence and buildings some distance to the east of the new location. The old road was not closed, but merely discontinued as a public highway."

Answering the contention of council for the land owner that the abandonment of the old, and the location of the new, road on the same tract of land are so closely connected that they are inseparable, the court there said:

> "The contention is unsound. The two acts are separate and distinct in fact and in law, and the legal consequences are the same as if the old and the new road had been on the land of different owners."

The old road in this case was left open, and has been used by those occupying eight residences along its course and others desiring to do so, but has not been maintained by the road authorities since the location of the new route. Whether the old road has been legally discontinued, and if so, whether the defendant Thomas may, in an independent action, recover damages for its discontinuance, need not be decided in this case.

As the errors assigned are based upon the theory that defendant Thomas is entitled to recover in this proceeding damages resulting from the alleged discontinuance of the old road, the judgment of the circuit court may be

*Affirmed.*